IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TA'VON S. BEASLEY, | : Civil No. 3:24-cv-1665 |
| Plaintiff | : (Judge Mariani) |
| v. | : |
| CORRECTIONAL OFFICER WALTON, et al., | : |
| Defendants | : |

**MEMORANDUM**

Plaintiff Ta'Von Beasley ("Beasley"), an inmate confined at the Dauphin County Prison, in Harrisburg, Pennsylvania, initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1). The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a). Along with the complaint, Beasley filed an application to proceed *in forma pauperis*. (Doc. 3). The Court will grant the application to proceed *in forma pauperis*. Additionally, for the following reasons, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and afford Beasley the opportunity to file an amended complaint.

**I.    Legal Standards**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The Court is required to identify

cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. See 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., *Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Beasley proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II. The Complaint

Beasley names as Defendants Correctional Officer Walton, the Dauphin County Prison Board, and PrimeCare Medical. (Doc. 1). He alleges that the events giving rise to his claims occurred on or about October 14, 2022. (*Id.* at p. 4). Beasley alleges that Defendant Walton denied him the use of a tablet. (*Id.*). He further alleges that "[he] was

4

placed in the hole for Walton's consideration." (*Id.*). Beasley asserts that, the following day, he refused to move cells and was forcibly moved by prison officials. (*Id.*). During this move, Beasley allegedly broke his finger. (*Id.*). He seeks monetary relief. (*Id.* at p. 5).

## III. Discussion

### A. Claims against Correctional Officer Walton

Beasley alleges that Defendant Walton denied him the use of a tablet on October 14, 2022. (Doc. 1, p. 4). The Court liberally construes this claim as a denial of access to the courts and denial of the right to receive mail in violation of the First Amendment. For the reasons that follow, neither of these claims are plausible as pled.

#### 1. Denial of Access to the Courts

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). "[T]he underlying cause of action, ... is an element that must be described in the complaint." *Christopher*, 536 U.S. at 415. Also, since there is no "abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by

5

establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Regarding the lost remedy, a prisoner must explain how his claims "may no longer be pursued as a result of defendant's actions." *Monroe*, 536 F.3d at 206 n.9.

Beasley has not stated a claim for denial of access to the courts because he has failed to plausibly allege that he suffered an "actual injury" due to the denial of access to his tablet. The complaint does not identify any nonfrivolous claims Beasley sought to pursue and how, specifically, the denial of the use of a tablet affected his ability to pursue those claims thereby causing those claims to be lost. *See, e.g., Monroe*, 536 F.3d at 206 (plaintiffs' allegations that "they lost the opportunity to pursue attacks of their convictions and civil rights claims" without "specify[ing] facts demonstrating that the claims were nonfrivolous" did not state a claim); *see also Talley v. Varner*, 786 F. App'x 326, 328 (3d Cir. 2019) (*per curiam*) (no denial of access to the courts where inmate "failed to allege what underlying nonfrivolous claims he was unable to pursue due to [a] two-week delay" caused by the defendants). Based on the allegations, Beasley has not stated a plausible claim for denial of access to the courts and this claim will be dismissed with leave to amend.

2. **Denial of Access to Mail**

Prisoners have a protected First Amendment interest in receiving mail. *See Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989); *see also Jones v. Brown*, 461 F.3d 353, 358 (3d Cir. 2006) ("[P]risoners, by virtue of their incarceration, do not forfeit their First

Amendment right to use of the mails." (internal quotations omitted)). This right, however, "must be exercised with due regard for the 'inordinately difficult undertaking' that is modern prison administration." *Id.* (quoting *Turner v. Safley*, 482 U.S. 78, 85 (1987)); *Abu-Jamal v. Price*, 154 F.3d 128, 133 (3d Cir. 1998) (observing that incarceration "necessitates that many rights and privileges, including rights derived from the First Amendment, be eliminated or curtailed"). "Accordingly, the right to receive and send mail can be restricted for legitimate penological interests." *Holbrook v. Kingston*, 552 F. App'x 125, 129 (3d Cir. 2014) (*per curiam*).

Beasley's complaint falls well short of alleging a First Amendment violation. He does not plead why Defendant Walton denied him the use of a tablet, the reason Walton gave for depriving him of the tablet, or how long he was denied use of the tablet (though it appears to be one day). Accordingly, the Court will dismiss the First Amendment claim with leave to amend.

**B.    Placement in the "Hole"**

Beasley also alleges that he was placed in the "hole." (Doc. 1, p. 4). The Court construes this claim as an Eighth Amendment excessive force claim.

To state an excessive force claim against a prison official, an inmate must allege that the force used was applied "maliciously and sadistically to cause harm" and not "in a good-faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). An inmate does not have to show that the harm suffered was sufficiently serious in order to

7

make out a constitutional violation where excessive force was used, and absence of serious injury, while relevant, does not end the inquiry. *Id.* at 7; *see also Brooks v. Kyler*, 204 F.3d 102, 104 (3d Cir. 2000) ("Following *Hudson*'s focus on the force used, as opposed to the injury inflicted, we conclude that although the degree of injury is relevant for any [constitutional violation] analysis, there is no fixed minimum quantum of injury that a prisoner must prove that he suffered through objective or independent evidence in order to state a claim for wanton and excessive force"). The test is objective only, there is no subjective component. *Jacobs v. Cumberland Cnty*, 8 F.4th 187, 194 (3d Cir. 2021).

Whether a defendant used objectively unreasonable force requires careful attention to the facts and circumstances of each particular case. Those circumstances include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* at 194-95 (quotations omitted). The court must analyze these circumstances "from the perspective of a reasonable officer on the scene." *Id.* at 195. The United States Supreme Court has acknowledged that running a jail is "an inordinately difficult undertaking." *Turner v. Safley*, 482 U.S. 78, 84-85 (1987). "Safety and order at these institutions requires the expertise of correctional officials, who must have substantial discretion to devise reasonable solutions to the problems they face." *Kingsley v. Hendrickson*, 576 U.S. 389, 399 (2015) (quoting *Florence v. Bd. of*

*Chosen Freeholders*, 566 U.S. 318, 326 (2012)). Officers facing disturbances "are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving." *Id.* (internal quotation marks omitted) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)). Thus, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Hudson*, 503 U.S. at 9 (quotations and internal quotation marks omitted).

According to Beasley, he was placed in the "hole" for one day. (Doc. 1, p. 4). Beasley claims that he refused to move from the cell, prison officials proceeded to remove him from the cell, and his finger was broken. (*Id.*). The complaint is deficiently pled. It does not specifically identify any individual who participated in the cell move, it does not detail why Beasley refused to move cells, and what happened during the move. Nor does it indicate why he was placed in the "hole" and what prompted the cell move. The Court will dismiss this excessive force claim with leave to amend.

## IV.  Leave to Amend

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). The pleading deficiencies are largely factual in nature and thus conceivably could be cured by an amended pleading. Therefore, the Court will grant Beasley leave to amend his claims.

## V.   Conclusion

Consistent with the foregoing, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Beasley will be given leave to file an amended complaint in the event he can allege additional facts sufficient to state a plausible claim. A separate Order shall issue.

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge

Dated: November 3, 2024