IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TA'VON S. BEASLEY, | Civil No. 3:24-cv-1665 |
| Plaintiff | (Judge Mariani) |
| v. | |
| CORRECTIONAL OFFICER WALTON, et al., | |
| Defendants | |

## MEMORANDUM

Plaintiff Ta'Von Beasley ("Beasley"), an inmate confined at the Dauphin County Prison, in Harrisburg, Pennsylvania, initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1). On November 5, 2024, the Court conducted the required statutory screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. (Docs. 8, 9). Upon conducting this initial statutorily mandated screening, the Court entered a Memorandum and Order dismissing Plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B), but granted him leave to file an amended complaint. (Docs. 8, 9).

The matter is proceeding via an amended complaint filed on November 26, 2024. (Doc. 11). Named as Defendants are Correctional Officer Walton, PrimeCare Medical, Inc. ("PrimeCare"), and the Dauphin County Prison. By Order dated November 26, 2024, the Court dismissed the Dauphin County Prison as a Defendant in this action. (Doc. 12) (citing

*Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)). Thus, the remaining Defendants are Correctional Officer Walton and PrimeCare.

Before the Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of Correctional Officer Walton. (Doc. 19). For the reasons set forth below, the Court will grant the motion.

To date, PrimeCare has failed to return the waiver of service form and no motion has been filed on its behalf. (Doc. 13). In the interests of judicial economy, the viability of the allegations against PrimeCare will be considered in accordance with 28 U.S.C. § 1915. The Court will dismiss the claims against PrimeCare pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and grant Beasley leave to file an amendment only with respect to his claims against PrimeCare.

I.  **Allegations of the Amended Complaint**

Beasley avers that the events giving rise to his claims occurred when he was a pretrial detainee at the Dauphin County Prison. (Doc. 11, at 4). He alleges that Defendant Walton denied him the use of a tablet on the morning of October 14, 2022. (Doc. 11, at 4; Doc. 11-2). Beasley asserts that a fellow inmate was sleeping and not using his tablet; therefore, Beasley asked Defendant Walton if he could use the sleeping-inmate's tablet. (Doc. 11-2, at 1). Defendant Walton allegedly denied Beasley's request. (*Id.*). Beasley "became angered" and "cursed" at Walton. (*Id.*). He alleges that Defendant Walton then

2

issued a misconduct against him and told him he was moving to a different housing block. (*Id.*).

Beasley asserts that, three to four days later, correctional officers "politely" asked him to move cells. (*Id.* at 2). Beasley refused to move cells, "became angry and [his] bipolar schizophrenia kicked in." (*Id.*). He was then forcibly moved by prison officials and he "gave them a fight." (*Id.* at 3). Beasley eventually allowed the correctional officers to remove him from the cell. (*Id.*). He alleges that two correctional officers threw him on the ground and held him down, while a third officer handcuffed him and "purposely broke [his] finger." (*Id.*). The officers then placed Beasley in a restraint chair. (*Id.*). A nurse medically assessed Beasley and he informed her that his finger was broken. (*Id.*). Beasley asserts that he was removed from the restraint chair one hour later and placed "on watch." (*Id.* at 4). The following day, Beasley again reported that his finger was broken, and medical staff provided pain pills. (*Id.*).

Approximately one-and-a-half weeks later, Beasley underwent an x-ray of his finger which revealed that it was broken. (*Id.*). Beasley was subsequently transported to the Hershey Hospital for evaluation by a hand surgeon. (*Id.*). A few weeks later, Beasley underwent surgery at an outpatient facility. (*Id.* at 5). Upon his return to the Dauphin County Prison, Beasley alleges that several medical personnel were not properly dressing his wound. (*Id.*). He maintains that only a few nurses followed the proper procedures. (*Id.*).

Beasley alleges that medical blocks should be the "most comfortable blocks to be housed on[,]" but the Dauphin County Prison medical block fails to meet this standard. (*Id.*).

As a result of these incidents, Beasley alleges that he suffered hardship and mental trauma, and that "PrimeCare performed malpractice." (Doc. 11, at 5).

## II.   Legal Standards

### A.   Rule 12(b)(6)

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

"Though a complaint 'does not need detailed factual allegations, ... a formulaic recitation of the elements of a cause of action will not do." *DelRio-Mocci v. Connolly Properties Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but ... disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A.*

4

*France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] -that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). "[E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of

time. *Id.*

    B.    <u>42 U.S.C. § 1983</u>

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.; see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

    C.    <u>28 U.S.C. § 1915</u>

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly

6

baseless" or "fantastic or delusional" factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

As with the Rule 12(b)(6) standard set forth above, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips*, 515 F.3d at 229. Because Beasley proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

### III.  Discussion

#### A.  Claims against Correctional Officer Walton

##### 1.  First Amendment Access to the Courts Claim

Beasley alleges that Defendant Walton denied him the use of a tablet on October 14, 2022. (Doc. 11, at 4; Doc. 11-2). Beasley acknowledges that he "became angered" and "cursed" at Walton. (Doc. 11-2, at 1). Based on this behavior, Beasley alleges that Defendant Walton issued a misconduct against him and told him he was moving to a different housing block. (*Id.*). The amended complaint does not contain any further allegations against Defendant Walton. (*See* Docs. 11, 11-2). The Court liberally construes this claim as a denial of access to the courts in violation of the First Amendment.

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). "Where prisoners assert

7

that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). "[T]he underlying cause of action,…is an element that must be described in the complaint." *Christopher*, 536 U.S. at 415. Also, since there is no "abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Regarding the lost remedy, a prisoner must explain how his claims "may no longer be pursued as a result of defendant's actions." *Monroe*, 536 F.3d at 206 n.9.

Beasley has not stated a claim for denial of access to the courts because he has failed to plausibly allege that he suffered an "actual injury" due to the denial of access to his tablet. (*See* Docs. 11, 11-2, 23). The amended complaint does not identify any nonfrivolous claims Beasley sought to pursue and how, specifically, the denial of the use of a tablet affected his ability to pursue those claims thereby causing those claims to be lost. *See, e.g., Monroe*, 536 F.3d at 206 (plaintiffs' allegations that "they lost the opportunity to pursue attacks of their convictions and civil rights claims" without "specify[ing] facts demonstrating that the claims were nonfrivolous" did not state a claim); *see also Talley v.*

8

*Varner*, 786 F. App'x 326, 328 (3d Cir. 2019) (*per curiam*) (no denial of access to the courts where inmate "failed to allege what underlying nonfrivolous claims he was unable to pursue due to [a] two-week delay" caused by the defendants). Based on the allegations, Beasley has not stated a plausible claim for denial of access to the courts and this claim will be dismissed without further leave to amend.[1]

### 2.  Eighth Amendment Claim

To the extent that Beasley raises a claim against Defendant Walton based on the injury to his finger, this claim also fails.

First, Beasley does not allege that Defendant Walton was involved in removing Beasley from his cell or for causing the injury to his finger. (*See* Docs. 11, 11-2). Individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of *respondeat superior*." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs.... Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207-08; *see also Rizzo v. Goode*, 423 U.S. 362 (1976); *Atkinson v. Taylor*, 316

---

[1] In the Court's November 5, 2024 Memorandum, Beasley was specifically directed to amend his First Amendment access to the courts claim against Defendant Walton. (Doc. 8). Beasley's amended complaint fails to remedy the deficiencies as outlined in the Court's November 5, 2024 Memorandum. In the amended complaint, Beasley fails to provide any new facts or more specific information regarding how the denial of a tablet violated his First Amendment rights.

F.3d 257 (3d Cir. 2003). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of "conduct, time, place, and persons responsible." *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Id.* at 1208. Beasley only alleges that Defendant Walton denied him the use of a tablet and issued a misconduct against him. (Doc. 11-2, at 1). The amended complaint fails to allege that Defendant Walton was personally involved in any act that violated Beasley's Eighth Amendment rights.

Next, the Court considers the merits of a potential Eighth Amendment claim against Defendant Walton. The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Unconstitutional punishment, be it under the Eighth Amendment applicable to convicted prisoners or the Fourteenth Amendment applicable to pretrial detainees,[2] typically includes both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). To satisfy the objective component, inmates must demonstrate that they are "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "To satisfy the subjective component, the plaintiff must

---

[2] Beasley indicated in his amended complaint that he is a pretrial detainee. (Doc. 11, at 4). To the extent that he was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).

allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and then disregarded that risk." *Id.* In general, a prisoner must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. *See Wilson v. Seiter*, 501 U.S. 295, 298-99 (1991); *see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (*per curiam*) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting *Farmer*, 511 U.S. at 837*); cf. Edwards v. Northampton Cnty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (*per curiam*) ("[W]e agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees." (internal citations omitted)).

For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious."[3] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318

---

[3] The standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (*per curiam*); *see also Moore v. Luffey*, No. 18-1716, 2019 WL 1766047, at *3 n.2 (3d Cir. Apr. 19, 2019) (declining to address whether a new standard applies to claims raised by pretrial detainees based on issues related to medical care).

11

F.3d 575, 582 (3d Cir. 2003). A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

Significantly, if a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. *Spruill*, 372 F.3d at 236 (discussing *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993)). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official...will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.* at 236.

Beasley's broken finger constitutes a serious medical need. The amended complaint indicates that prison medical officials immediately assessed Beasley's condition, provided pain medication, ordered an x-ray, and referred him to an outside hospital for further evaluation. (Doc. 11-2, at 3-4). Beasley underwent surgery on his finger. (*Id.* at 5). Once he returned to the Dauphin County Prison, Beasley asserts that, in his opinion, at least two nurses properly treated his wound. (*Id.*). He believes that other, un-named prison medical personnel failed to properly treat his wound. (*Id.*). There is no indication that medical

personnel failed to treat Beasley or that his medical treatment plan or protocol was wholly inadequate. Nor are there any allegations that Defendant Walton was aware of any medical requirements and deliberately ignored them. Absent a belief, or actual knowledge, that medical personnel failed to treat a prisoner, non-medical defendants cannot be found to be deliberately indifferent. Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Because the amended complaint is devoid of allegations from which the Court can plausibly infer that Defendant Walton was deliberately indifferent to Beasley's serious medical needs, his motion to dismiss will be granted.

      B.    <u>Claims Against PrimeCare</u>

The United States Court of Appeals for the Third Circuit has held that "a private health company providing services to inmates 'cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability.'" *Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (*per curiam*) (quoting *Natale*, 318 F.3d at 583). Rather, in order to hold a private health care company like PrimeCare liable for a constitutional violation under § 1983, Beasley must allege the provider had "a relevant...policy or custom, and that the policy caused the constitutional violation [he] allege[s]." *Natale*, 318 F.3d 575, 583-84 (citing *Bd of the Cnty. Comm'rs of Bryan Cnty., Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)); *see also Lomax v. City of Philadelphia*, Civ. A. No. 13-1078, 2017 WL 1177095, at *3 (E.D. Pa. Mar. 29, 2017) ("Because [defendant] is

a private company contracted by a prison to provide health care for inmates, ... it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs.") (citations and quotations omitted). "To satisfy the pleading standard, [the plaintiff] must...specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009).

Beasley has not identified any policy or custom of PrimeCare that caused him to be deprived of proper care or caused any other constitutional deprivation. There is no mention of PrimeCare in the factual allegations of the amended complaint. Beasley only concludes that "PrimeCare performed malpractice." (Doc. 11, at 5). While it is possible that Beasley is attributing to PrimeCare the facility's allegedly deficient response to his medical condition, Beasley does not clearly allege that PrimeCare is, in fact, responsible. Accordingly, Beasley has not stated a claim against PrimeCare and the claims against it must be dismissed. However, because the Court cannot say at this time that Beasley could never state a plausible claim based on a policy or custom, the claims will be dismissed without prejudice, and Beasley will be granted leave to file a second amended complaint to attempt to cure the defects discussed above.

## IV.   Leave to Amend

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114

14

(3d Cir. 2002). For the reasons set forth above, Beasley's claims against Defendant Walton are factually and legally flawed; thus, the Court concludes that granting Beasley leave to file a second amended complaint against Walton would be futile. Moreover, the Court previously directed Beasley to amend his claims against Defendant Walton and he has failed to remedy the deficiencies of his claims. (See Docs. 8, 9; see also Jones v. Unknown D.O.C. Bus Driver & Transp. Crew, 944 F.3d 478, 483 (3d Cir. 2019) (where inmate plaintiff "has already had two chances to tell his story...giving him further leave to amend would be futile.")). However, the Court will grant Beasley leave to file a second amended complaint against PrimeCare in the event he can state a plausible claim for relief.

## V.    Conclusion

Consistent with the foregoing, the Court will grant the motion to dismiss filed on behalf of Defendant Walton. (Doc. 19). Beasley will be given leave to file a second amended complaint only with respect to his claims against PrimeCare.

A separate Order shall issue.

*[signature]*
Robert D. Mariani
United States District Judge

Dated: April 21, 2025